UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAYFIELD ALLEN KIPER, | ) | |
| Petitioner, | ) | 3:06-cv-0446-ECR-VPC |
| vs. | ) | |
| | ) | ORDER |
| NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*, | ) | |
| Respondents. | ) | |

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Mayfield Allen Kiper, a Nevada prisoner. Before the Court is respondents' answer (docket #7) and petitioner's reply (docket #20).

**I.    Procedural History**

Petitioner was convicted in lower court case number C101429 of burglary and robbery on January 28, 1992. Exhibit 9.[1]  The trial court sentenced petitioner to eight years in prison for the burglary conviction and to twelve years imprisonment for the robbery conviction. *Id.* Petitioner was also convicted in lower court case number C100249 of attempted burglary, and was

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their answer to the petition for writ of habeas corpus, and are located in the record at docket #8.

1  sentenced to four years in prison.  *Id.*  Finally, in lower court case number C131240, the petitioner
2  was convicted of burglary (count I) and robbery (count II).  *Id.*  The district court for Clark County
3  sentenced the petitioner to 183 months in prison for both counts I and II, with parole eligibility in 73
4  months.  *Id.*  The sentences in this case were to run consecutively to case C101429.  *Id.*

5       Petitioner filed a petition for writ of habeas corpus on October 3, 2005, challenging
6  an order rescinding his parole in case C131240.  Exhibit 2.  Petitioner specifically argued that the
7  Nevada Parole Board illegally rescinded his parole in that case by relying on an illegal disciplinary
8  hearing and conviction.  *Id.*  Petitioner also filed a motion to amend, seeking leave to add an
9  additional claim that the parole board conducted an illegal parole revocation hearing without giving
10  him notice of the hearing.  Exhibit 10.  The state district court dismissed the petition with prejudice,
11  finding the petition was identical to a previous petition that had been filed and ruled upon.  Exhibit
12  13.  The court did not rule on the motion to amend.  Petitioner appealed the ruling to the Nevada
13  Supreme Court.  Exhibit 18.

14       Petitioner also filed a petition for writ of mandamus with the Nevada Supreme Court,
15  challenging the lower court's failure to rule on his motion to amend.  Exhibit 21.  The Nevada
16  Supreme Court denied the petition for writ of mandamus.  Exhibit 25.  Furthermore, the Nevada
17  Supreme Court affirmed the lower court's dismissal of the habeas petition.  Exhibit 27.  Remittitur
18  issued on August 9, 2006.  Exhibit 28.

19       Petitioner then mailed a federal habeas petition on August 8, 2006 (docket #5).
20  Respondents filed an answer, arguing grounds two and three are unexhausted, that ground three fails
21  to state a federal claim, and then addressing each of the four claims on the merits (docket #7).
22  Petitioner has filed a response to the answer (docket #20).

23  **II. Discussion**

24       In their answer, respondents contend that grounds two and three of the federal habeas
25  corpus petition are unexhausted.

26       A state prisoner must exhaust all available state remedies prior to filing a federal

habeas corpus petition.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).  The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66.  S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982)), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)).  Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory.  *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Johnstone v. Wolff*, 582 F.Supp 455, 458 (D. Nev. 1984).

In ground two petitioner alleges that the Nevada Board of Parole Commissioners conducted an illegal hearing that rescinded his parole without giving him proper notice as is required

by the Fifth and Fourteenth Amendments. In his third ground for relief petitioner alleges that his Fifth and Fourteenth Amendment rights to due process were violated when the Nevada Board of Parole Commissioners rescinded petitioner's parole without authority after his parole had already gone into effect. Petitioner states rescission does not apply in this case and the parole board should have pursued a full revocation hearing. Neither claim was raised in the state habeas corpus petition. Exhibit 2. Petitioner only argued that his parole was improperly rescinded by relying on an invalid disciplinary hearing. *Id.*

Petitioner asserted ground two of the federal petition in his motion to amend the state habeas corpus petition. Exhibit 10. Petitioner raised ground three in his "Judicial Notice" filed with the state court after it had dismissed the state petition. Exhibit 15. The state district court did not rule on the motion to amend or address ground two prior to dismissing the petition. Exhibit 13. Moreover, the Nevada Supreme Court only considered petitioner's ground one, and not grounds two and three, on appeal from the state district court's dismissal of the petition. Exhibit 27.

It appears that respondents' arguments are correct, and grounds two and three are unexhausted as they were not raised and addressed in the proceedings to the Nevada Supreme Court. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). Furthermore, grounds two and three were presented in a procedurally deficient means. Where a claim is presented for the first and only time in a procedural context in which the merits are not likely to be considered unless there are special and important reasons, the claim is not exhausted. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). A state may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Presenting an issue to the state's highest court by way of a statutorily deviating path will not exhaust state remedies. *Id; see also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985).

In the instant case petitioner presented ground two in a motion to amend his state petition. The state court never addressed the motion. Similar to the Federal Rule of Civil Procedure

15, in Nevada, rule 15(a) states that a "party may amend...[a] pleading once as a matter of course at any time *before* a responsive pleading is served....Otherwise a party may amend the party's pleading only by leave of court." (emphasis added). The state had filed a responsive pleading to the state habeas corpus petition, therefore petitioner was required to get leave of the court before amending his petition. The trial court dismissed the petition, finding that petitioner had already raised the same claim in a previous petition, thereby not allowing the amendment of the petition, although it did not explicitly rule on the petition. Petitioner then filed a petition for writ of mandamus with the Nevada Supreme Court, in which he sought the court to compel the state district court to rule on his motion to amend. Exhibit 21. The Nevada Supreme Court denied the petition for extraordinary writ. Exhibit 24.

Petitioner's presentation of ground two in a motion to amend in the state district court and in a petition for writ of mandamus to the Nevada Supreme Court was not sufficient to exhaust the claim so that it may be reviewed by this Court. Ground three was also not properly exhausted, as it was presented in an untimely judicial notice filed with the state district court after it had already dismissed the state petition. Neither ground was raised and addressed by the Nevada Supreme Court.

The court finds grounds two and three are unexhausted. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. Because the Court finds that the petition is a "mixed" petition, containing both exhausted and unexhausted claims, petitioner has options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this Court to stay and abey his exhausted

federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations period for filing federal habeas petitions, as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that the Court finds that grounds two and three are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, the Court will address respondents' arguments relating to the merits of petitioner's remaining ground relief contained in the answer (docket #7).

///

///

///

1 **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within
2 the time permitted, this case may be dismissed.

4 DATED this 30th day of June, 2009

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE