

```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

        AUG - 5 2009

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MAYFIELD ALLEN KIPER,

    Petitioner,

vs.

NEVADA BOARD OF PAROLE COMMISSIONERS, et al.,

    Respondents.

3:06-cv-0446-ECR-VPC

ORDER

This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by petitioner Mayfield Allen Kiper, a Nevada prisoner. On June 30, 2009, this Court determined that grounds two and three of the federal habeas corpus petition were unexhausted (docket #27). The Court gave petitioner thirty days to determine whether he wished to either abandon the unexhausted claims, dismiss the petition without prejudice and return to state court to exhaust, or to move for a stay and abeyance.

Petitioner has filed a response to the order (docket #28). Petitioner states that he does not wish to abandon any of the grounds contains in his federal petition. Petitioner also notes that this Court "can file its order denying, dismissing" his petition and he will present his case to the appellate court. As this Court cannot entertain a habeas petition that contains both exhausted and unexhausted

claims, and because petitioner refuses to abandon his unexhausted grounds or move for a stay and abeyance in order to return to state court to exhaust the unexhausted claims, the Court finds that the petition is "mixed" and shall be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir.1983).

**Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed without prejudice as the petition is a "mixed" petition containing both exhausted and unexhausted claims, and petitioner refuses to abandon the unexhausted grounds or return to state court to exhaust the

unexhausted grounds. Petitioner requests that the Court dismiss the petition so he can present his case to the appellate court. The Court did not reach the merits of petitioner's claim. No reasonable jurist could conclude that this Court's ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** the petition for writ of habeas corpus (docket #5) is **DISMISSED WITHOUT PREJUDICE** as the petition is a "mixed" petition containing both exhausted and unexhausted grounds for relief and petitioner refuses to either abandon the unexhausted grounds or move for a stay to return to state court to exhaust the grounds.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 4 day of August, 2009.

Edward C. Reed
UNITED STATES DISTRICT JUDGE